UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBAL INNOVATION NETWORK LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## COMPLAINT

Plaintiff, by and through its undersigned counsel, hereby files this Complaint against Defendant, who is identified in Exhibit 1 hereto. In support thereof, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1338(a), 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

3. This Court may properly exercise personal jurisdiction over Defendant, because Defendant directly targets business activities toward consumers in the United States, including Illinois. Defendant does so through their operation of, or assistance in the operation of, fully interactive, commercial Internet stores, as well as through the shipment of products offered for sale through said Internet stores. Specifically, Defendant is involved in the manufacture, offering for sale, sale, and/or importation of products that infringe Plaintiff's U.S. Design Patent. Defendant offers to sell and, upon information and belief, sells such products to Illinois residents. Defendant

1

has committed, and has knowingly participated in the commission of, tortious acts in Illinois. Defendant has caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

4. Plaintiff specializes in the design, manufacturing, sale, and distribution of products embodying innovative patented designs.

5. Defendant seeks to capitalize upon Plaintiff's proprietary patented technology and designs by offering for sale and selling unauthorized and unlicensed infringing products embodying designs that infringe Plaintiff's Design Patent (the "Infringing Products").

6. On information and belief, Defendant designs its Internet stores to appear to be selling genuine versions of Plaintiff's products, while they are actually selling Infringing Products to unknowing consumers.

7. On information and belief, Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its operation. Such efforts include, *inter alia*, changing the names of its stores multiple times, opening new stores, helping others open stores, and making subtle changes to their Infringing Products.

8. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's Design Patent, as well as to protect unknowing consumers from purchasing the Infringing Products over the Internet.

9. Plaintiff has been, and continues to be, irreparably harmed by Defendant's infringement of Plaintiff's Design Patent. Plaintiff, therefore, seeks injunctive relief to halt such infringement and irreparable harm.

10. Plaintiff also seeks monetary relief for the injury that it is sustaining.

## THE PARTIES

**Plaintiff**

11. Plaintiff is a limited liability company organized and existing under the laws of the State of Florida.

12. Plaintiff is the creator and seller of high-quality, innovatively designed, products ("Plaintiff's Products"). Plaintiff's Products embody Plaintiff's patented design as claimed Plaintiff's Design Patent. A true and correct copy of Plaintiff's Design Patent is attached hereto as Exhibit 2.

**The Defendant**

13. Defendant is a business entity residing in the People's Republic of China. Defendant conducts business, or assists in business activity conducted, throughout the United States (including within the State of Illinois and this Judicial District).

14. Defendant manufactures, advertises, offers for sale, sells, imports, and distributes the Infringing Products.

15. The Infringing Products incorporate unauthorized, infringing versions of Plaintiff's patented design claimed in Plaintiff's Design Patent.

## PLAINTIFF'S DESIGN PATENT

16. In January, 2021, Plaintiff's Design Patent was duly and legally issued by the United States Patent and Trademark Office.

17. Plaintiff commercially practices the invention claimed in Plaintiff's Design Patent.

18. Plaintiff's Products have been commercially successful. Plaintiff has generated and continues to generate substantial revenue – over $200,000 annually - in sales of its products that embody the design of Plaintiff's Design Patent.

19. Plaintiff markets its patented products through on-line retain channels such as Amazon and eBay® (among others), as well as through conventional retail stores.

20. The design of Plaintiff's Products differentiate then from those of Plaintiff's competitors.

21. Plaintiff's Design Patent is currently unexpired, valid, and enforceable.

22. Plaintiff is the lawful assignee of all right, title, and interest in Plaintiff's Design Patent.

23. Plaintiff has not granted Defendant a license and has not otherwise granted Defendant permission to make, use, sell, offer to sell, or import the products or other items embodying the design claimed in Plaintiff's Design Patent.

**DEFENDANT'S INFRINGEMENT OF PLAINTIFF'S DESIGN PATENT**

24. The success of Plaintiff's business, and of Plaintiff's Products in particular, has resulted in significant infringement of Plaintiff's Design Patent. Consequently, Plaintiff has recently instituted a worldwide program to investigate suspicious online marketplace listings. In recent years, Plaintiff has identified hundreds of fully interactive, commercial Internet stores on various e-commerce platforms, which are offering for sale to consumers, in this Judicial District and throughout the United States, products that infringe Plaintiff's intellectual property rights.

25. Internet websites such as those used by Defendant to sell Infringing Products are estimated to receive tens of millions of visits per year and generate over $509 billion in annual online sales in 2016 alone. *See* Report from the U.S. Department of Homeland Security to the President of the United States, COMBATTING TRAFFICKING IN COUNTERFEIT AND PIRATED GOODS, published January 24, 2020 (available at https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.)

26. E-commerce retail platforms such as those used by Defendant do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to regularly use false names and addresses when registering with these e-commerce retail platforms.

27. Defendant facilitates sales of the Infringing Products by designing its on-line storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendant's online storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal.

28. Defendant often includes on its on-line storefronts content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

29. On information and belief, Defendant has engaged in fraudulent conduct when registering its on-line storefront by providing false, misleading, and/or incomplete information to Amazon and potentially other on-line platforms.

30. On information and belief, Defendant has anonymously registered and maintained aliases to prevent discovery of its true identity and the scope of its e-commerce operation.

31. On information and belief, Defendant regularly registers or acquires new seller aliases for the purpose of offering for sale and selling infringing products on e-commerce platforms such as Amazon. On information and belief, such seller alias registration patterns are one of many common tactics used by Defendant to conceal its identity and the full scope and interworking of its operation, and to avoid being shut down.

32. Infringers such as Defendant commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers

regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

33. Here, on information and belief, Defendant maintains off-shore bank accounts and regularly move funds from its financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court.

34. On information and belief, Defendant undertakes such activity in an attempt to avoid payment of any monetary judgment that it may be liable for due to its infringement of intellectual property rights.

## COUNT I
## DESIGN PATENT INFRINGEMENT

35. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

36. Defendant makes, uses, sells, offers for sale, and/or imports into the United States products that infringe Plaintiff's Design Patent.

37. In the eye of an ordinary observer, the design of Defendant's Infringing Products and the design claimed in Plaintiff's Design Patent are substantially the same. Said sameness deceives prospective purchasers and induces them to purchase Defendant's products supposing them to have come from Plaintiff.

38. Defendant's Infringing Products misappropriate the novelty of the design claimed in Plaintiff's Design Patent that distinguished Plaintiff's patented design from the prior art.

39. Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff's Design Patent.

40. Defendant has infringed Plaintiff's Design Patent through the acts complained of herein and will continue to do so unless enjoined by this Court.

41. Plaintiff has provided Defendant with notice of Plaintiff's rights in Plaintiff's Design Patent and of Defendant's infringement of Plaintiff's Design Patent.

42. Defendant's infringement of Plaintiff's Design Patent has been willful.

43. Defendant's infringement of Plaintiff's Design Patent has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the design claimed in Plaintiff's Design Patent.

44. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

45. Plaintiff is entitled to recover damages adequate to compensate Plaintiff for Defendant's infringement of Plaintiff's Design Patent, including Defendant's profits pursuant to 35 U.S.C. § 289.

46. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and entry of an Order directing as follows:

(1) Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

    (a) Making, using, importing, offering for sale, and selling any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the design claimed in Plaintiff's Design Patent;

  (b)  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

  (c)  aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiff's Design Patent.

(2) Directing that Defendant deliver for destruction all products that include the design claimed in Plaintiff's Design Patent as well as all means for making such designs.

(3) Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, on-line marketplaces, and other third-parties who are in active concert or participation with Defendant, shall, within two (2) business days of receipt of an Order entered by this Court:

  (a)  Locate all accounts connected to Defendant, including, but not limited to, any Amazon accounts;

  (b)  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

  (c)  Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of such Order.

(4) Entering an Order that, until Plaintiff has recovered full payment of monies owed to it by Defendant, in the event that any new financial accounts controlled or operated by Defendant are identified, Plaintiff shall have the ongoing authority to direct any banks, savings and loan associations, other financial institutions, payment processors, and on-line marketplaces, including, without limitation, Amazon, with whom such newly identified accounts are maintained, to carry out the following activity:

  (a)  Locate all accounts connected to Defendant, including, but not limited to, any Amazon accounts;

  (b)  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

  (c)  Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of this Order.

(5) Awarding Plaintiff such damages as it may prove at trial that are adequate to compensate Plaintiff for Defendant's infringement of Plaintiff's Design Patent and awarding Plaintiff all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of Plaintiff's Design Patent.

  (6)  Awarding Plaintiff all other damages that it may be required to under applicable law.

  (7)  Awarding Plaintiff its costs in bringing this action.

  (8)  Awarding Plaintiff any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Date: April 15, 2021          Respectfully submitted,

/s/Daliah Saper
DALIAH SAPER (ARDC NO. 6283932)
THEODORE J. CHIACCHIO (ARDC NO. 6332547)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 60654
CHICAGO, ILLINOIS 60654
(312) 527-4100

ATTORNEYS FOR PLAINTIFF